```
 1                IN THE UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF ARKANSAS
 2                        WESTERN DIVISION

 3   UNITED STATES OF AMERICA,

 4                  Plaintiff,

 5    v.                              No. 4:06CR00105-01 JMM

 6                                    February 21, 2008
                                      Little Rock, Arkansas
 7                                    9:15 a.m.
     JOHN PASCAL SOWARD,
 8
                    Defendant.
 9

10             TRANSCRIPT OF SENTENCING HEARING
           BEFORE THE HONORABLE JAMES M. MOODY,
11              UNITED STATES DISTRICT JUDGE

12                      _____

13   APPEARANCES:

14   On Behalf of the Government:

15      MR. KEVIN T. ALEXANDER, Assistant U.S. Attorney
          U.S. Attorney's Office
16        425 West Capitol Avenue, Suite 500
          Post Office Box 1229
17        Little Rock, Arkansas  72201-1229

18


19   On Behalf of the Defendant:

20      MR. WILLIAM JENNINGS STANLEY, Attorney at Law
          Stanley & Thyer
21        326 South Church
          Jonesboro, Arkansas  72401

22


23       Proceedings reported by machine stenography and displayed
     in realtime; transcript prepared utilizing computer-aided
24   transcription.

25
```

Karen Baker, CCR, RPR, CRR
United States Court Reporter

```
 1                       P R O C E E D I N G S
 2             (Proceedings commencing at 9:23 a.m.)
 3                 THE COURT:  Good morning.
 4                 MR. ALEXANDER:  Good morning, Your Honor.
 5                 THE COURT:  This is Case Number 4:06CR00105.  It's
 6     the United States against John Pascal Soward.  He is present
 7     with his attorney, Mr. Bill Stanley, and the government is
 8     represented by Mr. Kevin Alexander.  Mr. Soward, you're here
 9     today to be sentenced for the offense to which you earlier pled
10     guilty.  Offenses, I should say.  And I explained to you at
11     that time that we would be back here for this hearing after I
12     had the presentence report and you and your lawyer have had an
13     opportunity to see it and make any objections that you thought
14     were appropriate, and so we're here for that purpose.  I've had
15     a chance to review it.
16         And I will start by just reading into the record the
17     history of your case to make the record complete in the event
18     that you or the government wish to appeal from the sentence
19     that I impose, and then we'll address the presentence report to
20     be sure there aren't any objections.  If there are, I'll rule
21     on them and then I'll calculate a sentencing guideline range
22     and look to that range first for advice to see if I think a
23     sentence is appropriate based on the calculations that I made,
24     and I'll explain to you what my options are for sentencing you
25     under the guidelines and statute of conviction.  And then if
```

1  you want to make a statement, you'll be given an opportunity to
2  do so.  Mr. Stanley can make a statement on your behalf, in any
3  event.  Mr. Alexander can take a position for the government,
4  and I'll impose sentence.
5      Now, you and other defendants were charged in Count 1 of
6  a two-count indictment with conspiracy to distribute more than
7  500 grams of methamphetamine and that allegedly occurred from
8  April of 2004 through March 7th of 2006.  A separate count
9  charged you with being a felon in possession of firearms and
10 ammunition, and that occurred on March 7th of 2006, and the
11 indictment included forfeiture allegations against you which
12 I've entered an order of forfeiture of those firearms and
13 ammunition.  There was a superseding indictment which added
14 other defendants to the conspiracy and expanded the dates of
15 the conspiracy from April of 1997 to March 7th of 2006.  And
16 then a third superseding indictment added other defendants and
17 expanded the dates of the conspiracy to June 30th of 2006, and
18 this added firearm charges against you.
19     Count 3 charged you with being a felon in possession of
20 firearms and ammunition, Count 4 charged you with being in
21 possession of a machine gun.  And Count 5 charged you with
22 possession of a stolen silencer.  Count 6 charged you with
23 possession of a silencer with no serial number, and all of
24 these offenses occurred around April the 7th of 2006.  The
25 offense for Count 4 occurred on March 7th of 2006.  And, again,

```
 1  there were forfeiture allegations in that superseding
 2  indictment.  Then on September the 13th of 2007, you were here
 3  in court with Mr. Stanley.  Before you came to court, you had
 4  entered into a plea agreement and under that plea agreement,
 5  you pled guilty to a superseding information and that charged
 6  you with conspiracy to distribute more than 500 grams of
 7  methamphetamine, being a felon in possession of firearms and
 8  ammunition, and possession of a machine gun, and the
 9  superseding information also included three forfeiture counts,
10  and an order of forfeiture has been entered on that.
11       When I accepted your plea to that superseding
12  information, the last superseding indictment was dismissed as
13  to you.  There were stipulations in your plea agreement that
14  could have a bearing on the calculation of your sentencing
15  range, one being that you would be accountable for more than 15
16  kilograms of methamphetamine, which put you at a base offense
17  level of 38.  There would be a two-level enhancement for
18  possessing a firearm under Guideline Section 2D1.1(b)(1), and a
19  three-level enhancement because the offense involved a
20  manufacturer of methamphetamine and created a substantial risk
21  of harm to the environment, a four-level enhancement for an
22  aggravating role involving five or more participants, and a
23  two-level reduction for acceptance of responsibility, and then
24  there was a possibility of a third point and, Mr. Alexander,
25  will he get the third point?
```

1        MR. ALEXANDER:  Yes, Your Honor.
2        THE COURT:  All right.  On Mr. Alexander's motion,
3   which I will grant, you will be entitled to the third point for
4   acceptance of responsibility.  And then there was a notice to
5   seek an enhanced statutory penalty under 21 U.S. Code Section
6   851.  And then, finally, as I recall, there was a possibility
7   of a recommendation of a sentence of 421 months to run
8   concurrently with any state sentence.
9        MR. ALEXANDER:  Your Honor, what I anticipate is
10  that that would come, that recommendation would come in the
11  form of a Rule 35 motion in the future.
12       THE COURT:  Okay.  That's what I was going to ask.
13  So that won't be considered today.  That was just a possibility
14  and it still remains a possibility as far as the extent of your
15  cooperation.  So that completes the history of your case.
16  Mr. Stanley, have you had a chance to go over the presentence
17  report with Mr. Soward and, if so, are there any objections?
18       MR. STANLEY:  Your Honor, we've gone over it.  I
19  forwarded a copy to Mr. Soward and understand he's gone over it
20  too.  No objections.
21       THE COURT:  No objections, okay, thank you.
22  Mr. Alexander, any from the government?
23       MR. ALEXANDER:  No objections, Your Honor.
24       THE COURT:  Okay.  Mr. Soward, let me just explain
25  to you how we calculated the guideline range here.  Counts 1,

```
 1   2, and 3 are going to be grouped under Guideline Section
 2   3D1.2(c) as one count represents conduct that is treated as a
 3   specific offense characteristic and, therefore, there is one
 4   count group and one offense level.  Count 1, which is the
 5   conspiracy to distribute more than 500 grams of
 6   methamphetamine, Count 2 which is the felon in possession of
 7   firearms and ammunition, and Count 3, possession of a machine
 8   gun, we start with the base offense level of 38 and that's
 9   based on Guideline Section 2D1.1(a)(3), based on the quantity
10   of the methamphetamine, that is, more than 15 kilograms of
11   methamphetamine.  There's a two-point enhancement because you
12   were in possession of a firearm under Guideline Section
13   2D1.1(b)(1), a three-point enhancement because the offense
14   involved the manufacture of methamphetamine and created a
15   substantial risk of harm to the environment, and a four-level
16   enhancement or four-point enhancement for your role in the
17   offense.  You were an organizer or leader of a criminal
18   activity that involved five or more participants.
19        And you get three points for acceptance of
20   responsibility, and that puts you at a total offense level of
21   44.  We start with 38, add two for the possession of the
22   firearm, that's 40, three for the manufacture, that puts it at
23   43, and four for your role in the offense, which puts it at 47,
24   and then three points off for acceptance, which puts it at a
25   net or a total offense level of 44, and you have one criminal
```

1   history point which puts you in a criminal history category of
2   I.  And it does not appear that you would be able to pay a fine
3   because of your lack of finances here.  Any objection to that
4   guideline range, Mr. Stanley?
5           MR. STANLEY:  No, Your Honor.
6           THE COURT:  Okay.  So these are my options,
7   Mr. Soward.  The statute provides for a term of imprisonment
8   under Count 1 of not less than 20 years, no more than life, the
9   maximum term of imprisonment for Counts 2 and 3 is ten years.
10  Under the guidelines for a total offense level of 44 and a
11  criminal history category of I, the guideline imprisonment
12  range is life, in other words, there is no range, the
13  guidelines provide for a life sentence.  The statute under
14  Count 1 requires a term of supervised release of at least ten
15  years and the guidelines provide the same, and probation is not
16  an option under either the statute or the guidelines.
17      Now, I'm not imposing a fine, but under the statute, the
18  maximum fine under Count 1 would be $8 million, and under
19  Counts 2 and 3, 250,000 on each count.  There is a 100-dollar
20  special assessment on each count for a total of $300.  And the
21  fine range under the guidelines would be from 25,000 to
22  $8 million.  Again, I'm not imposing a fine, but there is that
23  300-dollar special assessment, which is mandatory.  And there
24  are no restitution needs here.  Any objection to that
25  interpretation of my options, Mr. Stanley?

```
 1              MR. STANLEY:  No, Your Honor.
 2              THE COURT:  All right.  Thank you.  Would you like
 3   to make a statement for Mr. Soward?
 4              MR. STANLEY:  Yes, I would, Judge.  You want me to
 5   come to the lecturn?
 6              THE COURT:  Yes, if you would, I think it'll help us
 7   hear you better.
 8              MR. STANLEY:  Your Honor, on behalf of Mr. Soward,
 9   I'd like to say that we have, since being arrested, and
10   actually probably within the last year, I think he was arrested
11   in April of '06, but I would say beginning in the fall of '06
12   up through current, Mr. Soward has sat down with the government
13   on two separate occasions for an extensive interview, given
14   them information, everything that he could give them, told them
15   things in which I think is reflected by Mr. Alexander's
16   agreeing for the third point reduction.  Mr. Soward's 37.  He
17   has a prior offense from California which was not, or obviously
18   it's an offense, it's a drug-related offense, but it's not one
19   such as manufacturing or something such as that that would
20   aggravate this case.
21       Your Honor, while we recognize the guideline range is
22   life and we have had discussions with Mr. Alexander about his
23   filing a Rule 35 motion for a downward departure and candidly,
24   do think that will occur, what I would tell the Court is if you
25   look at the overall circumstances herewith and look at the
```

1  range and understanding that the guidelines are no longer
2  mandatory, we would ask the Court and suggest to the Court set
3  a term of years in this matter, not a life sentence. As I say,
4  Mr. Soward's 37, you know, even if the government did file
5  their 35 year -- reduction down to 35 years from whatever
6  sentence the Court levies, and if the Court grants that, you're
7  still talking about a gentleman who will be close to 70 years
8  old based on the federal, the way they grant good time or lack
9  thereof, before he would have the opportunity to see the light
10 of day. And that's quite a bit of time.
11        I mean, he's stepped up to the plate, he's accepted his
12 responsibility, he's not trying to shy away from it at all. We
13 think based upon the circumstances here that a life sentence
14 would be extreme in this case based upon the charges before
15 you. We would suggest to the Court that a term of years would
16 be more appropriate, and that you take that into consideration
17 and take a variance into consideration from the guidelines as
18 the Court is allowed to do. I don't know that Mr. Soward, do
19 you want to make a statement?
20            THE DEFENDANT: No, sir.
21            MR. STANLEY: But we still have some things to
22 resolve in state court that won't affect your sentence at all,
23 but here in the federal case, he has stepped up to the plate
24 and admitted responsibility, taken his role as a leadership and
25 saddled with that and accepted that. We would suggest to the

1  Court that a term of years is a more appropriate sentence in
2  this case.
3           THE COURT: Thank you. Mr. Soward, you didn't want
4  to make any kind of statement?
5           THE DEFENDANT: No, sir.
6           THE COURT: That's fine, you don't have to. I
7  wanted you to know you had the opportunity. Mr. Alexander.
8           MR. ALEXANDER: Yes, a couple things if I might
9  briefly, Your Honor. First, Judge, if I might, I'd like to
10 express my appreciation to Agent Warzecha and the people with
11 DEA and the other participating agencies letting me work with
12 them on this case, they've worked very hard and have come up
13 with something that all of us are very proud of as far as
14 representing their efforts. Your Honor, just a quick note.
15 The recommendation and stipulations in the plea agreement take
16 into account a good deal of what Mr. Stanley said, both the
17 cooperation of Mr. Soward, but also as well his role in this
18 September 2003 shooting death, the murder of Ron Arnold along
19 with co-defendant Kelly Vest, and subsequent disposal of
20 Mr. Arnold's body in the St. Francis River near Trumann,
21 Arkansas. I think the Court knows from other proceedings,
22 Mr. Arnold's body has not yet been recovered. The agents are
23 still working to those ends.
24     However, based in part on Mr. Soward and particularly
25 Mr. Vest's efforts, Mr. Vest was able to take the investigators

```
 1   to the location near Mr. Soward's shop in Craighead County
 2   where they recovered the firearm that Mr. Vest said was used in
 3   the murder and spent shell casings, so that part of the case is
 4   still continuing.  We expect Mr. Soward and Mr. Vest to enter
 5   pleas of guilty in state court to murder charges concerning
 6   Mr. Arnold in St. Francis County soon, and part of our plea
 7   agreement to the Court anticipated that by asking that the
 8   state and federal sentences that may be imposed, we're asking
 9   that they may be made concurrent to one another.  And I do
10   expect to come before the Court after Mr. Soward's cooperation
11   has been completed with a Rule 35 motion in the future if
12   things continue as they have.  Something that appears in the
13   presentence report that I want to mention.  Mr. Soward provided
14   us information pursuant to a proffer agreement, as did
15   Mr. Vest.  We had other witnesses who implicated both men in
16   this murder of Mr. Arnold.
17         The way that Mr. Guerra prepared the presentence report,
18   paragraph 15 particularly, Bill, is what I'm making reference
19   to, talks about both Mr. Soward's perspective on what happened
20   with regard to Mr. Arnold's murder as well as the perspective
21   of Mr. Vest and others.  Had the report been prepared strictly
22   in the terms of the proffered agreement and not had
23   Mr. Soward's perspective on it, I think it would have been much
24   more unfavorable to him.  And Mr. Soward's perspective on this,
25   I think, mitigates his role somewhat compared to what Vest and
```

1   the others said.  And I just want to make that point.  If any
2   aspect of that is objectionable either by Mr. Soward or
3   Mr. Stanley, I wouldn't have any objection to asking the Court
4   to redact it in some fashion, but I think to do that would make
5   the offense conduct even more unflattering on Mr. Soward's
6   role, so I say that because I don't want anything that's
7   occurred to give the impression that the proffer agreement or
8   the spirit of that agreement is being violated, but I think the
9   way that Mr. Guerra put this together is more favorable to
10  Mr. Soward than otherwise would be the case.  So I just wanted
11  to make that note.  And if Mr. Stanley prefers that we ask the
12  Court to address this in a different fashion, then I'm glad to
13  go along with that.
14          THE COURT:  Mr. Stanley, how did you want to handle
15  that?
16          MR. STANLEY:  Just a second, Judge.  Your Honor,
17  we'll leave it as is.
18          THE COURT:  Okay, we won't change the presentence
19  report.
20          MR. ALEXANDER:  Judge, I'm sorry, may I say one
21  other thing?
22          THE COURT:  Sure.
23          MR. ALEXANDER:  The term of years that the plea
24  agreement anticipates we would ask, when I prepared that and
25  executed it, it was with the belief that Mr. Soward would end

1   up with a guideline advisory range of life, and that's what I
2   anticipated and intended today.
3            THE COURT: All right. Thank you. I have carefully
4   considered everything in the presentence report and also,
5   Mr. Stanley, what you've said here today. It's my obligation
6   actually to look to the factors in 18 U.S. Code Section 3553(a)
7   and impose a sentence that would be no greater than necessary
8   to comply with all of these factors, but when I consider the
9   nature and circumstances of the offense, the characteristics of
10  the offense, a sentence that would reflect the seriousness of
11  it and to promote respect for the law and to provide just
12  punishment, to deter others from similar conduct, and to
13  protect the public from further crimes, as well as providing
14  the defendant with needed vocational or educational training
15  here, I do think that the guideline range is appropriate in
16  this case, that is, the life sentence that is recommended by
17  the guidelines.
18       I will certainly take any motion for a departure from the
19  guidelines under consideration after Mr. Soward's cooperation
20  is completed and may well adjust the sentence at that time.
21  But at this time, I do feel that the life sentence is
22  appropriate and complies with all of the factors that I must
23  consider. So Mr. Soward, you shall be committed to the custody
24  of the Bureau of Prisons for a term of life on Count 1 and 120
25  months on Counts 2 and 3 to run concurrently, and I do

```
 1   recommend that you participate in the residential substance
 2   abuse treatment and educational and vocational programs during
 3   your incarceration.  This is to be followed by a term of
 4   supervised release of ten years with these conditions.
 5        The offense involved controlled substances and your
 6   presentence report indicates a history of substance abuse so
 7   you're subject to a special condition of drug testing while on
 8   supervised release under the guidance and supervision of the
 9   probation office.  And you shall participate in a substance
10   abuse treatment program which may include testing, counseling,
11   and residential treatment, and you shall abstain from the use
12   of alcohol throughout the course of any treatment.  The law
13   requires that you cooperate in the collection of DNA as
14   directed by the probation officer.  There's no fine, but there
15   is a 100-dollar special penalty assessment on each count for a
16   total of $300.  Mr. Stanley, any objection to the form of the
17   sentence?
18             MR. STANLEY:  Not to the form, Your Honor.
19             THE COURT:  Mr. Soward, you do have a right of an
20   appeal, and Mr. Stanley will explain to you what your rights
21   and obligations are.  If you do intend to appeal, you must do
22   so within ten days after we enter a written judgment on the
23   sentence that I've imposed.  And I'll remand Mr. Soward then to
24   the marshal.
25             (Proceedings adjourned at 9:45 a.m.)
```

```
 1                    C E R T I F I C A T E

 2      I, Karen Baker, Official Court Reporter, do hereby certify

 3   that the foregoing is a true and correct transcript of

 4   proceedings in the above-entitled case.

 5


 6   /s/ Karen Baker, CCR, RPR, CRR
     --------------------------------         Date: December 22, 2008
 7   United States Court Reporter

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```